**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1572
_____


IN RE:  AKEEM R. GUMBS,
                                                                Petitioner

_____


On a Petition for Writ of Venire Facias De Novo from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)

_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: June 9, 2020)
_____

OPINION*
_____

PER CURIAM

        Gumbs was convicted in the District Court of the Virgin Islands in 2012 of 31

counts relating to his production and possession of child pornography and the rape of his

eight-year-old niece.  The District Court sentenced him to 300 months of imprisonment,

and we affirmed.  See United States v. Gumbs, 562 F. App'x 110 (3d Cir. 2014).  Gumbs

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

challenges the sufficiency of the evidence supporting his underlying convictions, and apparently seeks an order directing the District Court to grant him a new trial by filing a petition titled as a "motion under 28 U.S.C. § 1651 for writ of venire facias de novo."[1]

We do not hesitate to conclude that – even assuming arguendo that such a writ is available and applicable to Gumbs – no relief is warranted. Gumbs has challenged his convictions in numerous proceedings, including under 28 U.S.C. § 2255, under 42 U.S.C. § 1983, and in no fewer than eight mandamus proceedings filed with this Court. We rejected those challenges. See, e.g., In re Gumbs, 726 F. App'x 166, 166 (3d Cir. 2018). He has also filed several unauthorized § 2255 motions, and we recently denied his application seeking leave to file a second or successive motion pursuant to 28 U.S.C. §§ 2244 and 2255 in order to raise issues similar to those presented here. See In re Gumbs, C.A. No. 19-3748.

Gumbs has not demonstrated any basis for the relief he seeks. Accordingly, we will deny the petition.

---

[1] A venire facias de novo is "[a] writ for summoning a jury panel anew because of some impropriety or irregularity in the original jury's return or verdict such that a judgment cannot be entered on it. The result of a new venire is a new trial." Venire Facias, Black's Law Dictionary (11th ed. 2019). Reassessment of jury-found facts was limited at common law. See Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 447-48 (1830) (Story, J.) (noting that the granting of a new trial by the trial court and the awarding of a venire facias de novo by the appellate court for error of law were the only modes for reexamination of fact known to the common law).